UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRANDON JORDAN STEVENS,

        Plaintiff,

v.                                      Case No. 3:20-cv-1449-J-34MCR

B. KUHN,

        Defendant.
_____

**ORDER**

Plaintiff Brandon Stevens, an inmate of the Florida penal system, initiated this action on December 15, 2020, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) under 42 U.S.C. § 1983 in the Middle District of Florida, Ocala Division. The Ocala Division thereafter transferred the case to the Jacksonville Division. See Doc. 5. Stevens names B. Kuhn as the sole Defendant. Stevens asserts Kuhn failed to protect him from a known risk. Complaint at 3-4.[1] As relief, Stevens requests that Defendant be held in contempt for thirty-seven days. Id. at 5.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A

---

[1] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328).  Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

The Court must read a plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him or her of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or

legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, Stevens cannot sustain a cause of action against the Defendant.

In the Complaint, Stevens alleges that in September of 2018, Defendant placed Stevens in a cell with an inmate Defendant knew was a danger to himself and others. Complaint at 3-4. According to Stevens, the inmate bit him on the neck the morning after Stevens had been transferred to that cell. Id. As relief, Stevens requests the Court to hold Defendant in contempt and apparently confine him in jail for thirty-seven days. Id. at 5. While Stevens has alleged a failure to protect claim that is cognizable in a § 1983 action, the relief he seeks is something this Court cannot provide. See 18 U.S.C. § 3626 (Appropriate remedies with respect to prison conditions). The Court has not issued an order relevant to Defendant that would give it authority to hold Defendant in civil contempt. See Mercer v. Mitchell, 908 F.2d 763, 768 (11th Cir. 1990) ("Every civil contempt proceeding is brought to enforce a court order that requires the defendant to act in some defined manner."). Any request for criminal contempt proceeding would need to be raised in State court. See generally Fla. R. Crim. P. 3.840 (rule concerning indirect criminal contempt). As such, Stevens has failed to state a claim for relief that this Court could grant.

In light of the above, it is

**ORDERED** that**:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of Court shall enter judgment dismissing this case without

prejudice, terminating any pending motions, and closing the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of January, 2021.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

c:  Brandon Stevens #U41756